UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JANE IZZO,

Plaintiff,

-against-

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant.
----------------------------------------------------------------X

ORDER ADOPTING
REPORT AND
RECOMMENDATION
18 Civ. 09681 (NSR)(JCM)

NELSON S. ROMÁN, United States District Judge

Plaintiff Jane Izzo ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for Supplemental Social Security Income ("SSI") and Disability benefits ("SSI"). (ECF No. 1.) The Commissioner determined Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). This case was referred to Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Plaintiff's motion and Defendant's cross-motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket Nos.10 and 12). On December 9, 2019, MJ McCarthy issued an R & R recommending that Defendant's cross- motion be denied and Plaintiff's motion seeking remand to the agency for further proceedings be granted.

For the following reasons, the Court reviews the R&R for clear error, finds no clear error, and adopts the R&R in its entirety.

1

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

Plaintiff filed for SSI benefits on or about February 4, 2015, alleging she was disabled. Plaintiff alleged physical, which included injuries to her back, and psychological disability. Plaintiff's application was initially denied on or about May 13. 2015. Thereafter, Plaintiff requested a hearing before an administrative judge ("ALJ'). On May 12, 2017, Plaintiff appeared before an ALJ for a hearing. By decision dated November 28, 2017, Plaintiff's application for benefits was once again denied. Plaintiff was deemed not disabled as defined by the Social Security Act (the "Act"). Plaintiff filed an appeal, a request for review of ALJ's decision with the Social Security Administration's Appeal Council ("Appeal Council"). On or about September 18, 2018, denied review of the ALJ's determination. Plaintiff appealed to the Social Security Commissioner ('Commissioner") by filing the instant action.

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) *quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Caidor v. Onondaga County*, 517 F.3d 601,604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the [agency's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). However, where the proper legal standards have not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard v. Halter*, 377 F.3d 183, 189 quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) *quoting Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. After review of the R & R the Court finds no clear error. The analysis and conclusions contained in the R & R are adopted in their entirety.

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. See 42 U.S.C. §§ 423(a), (d). To be deemed disable with the meaning of the Act, a claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the ALJ is required to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment meets or equals one on the List of Impairments. *Id.* If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC') and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (see paragraphs (f) and (h) of

this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must determine whether he or she can perform any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.*

At step four of the inquiry, a "claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work *generally.*" *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003) (emphasis in original) (*also citing* SSR 82-62, 1982 WL 31386, at * 3 which provides that past relevant work includes "the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy"). The "inquiry requires separate evaluations of the previous job and the job as it is generally performed." *Id.* "The inquiry...is not whether the claimant is able to perform the duties of her previous job, but whether the claimant is able to perform the duties associated with her previous 'type' of work." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) *quoting Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981).

Upon a review of the administrative record, MJ McCarthy determined that the ALJ's analysis and determination that Plaintiff was not disabled was legally flawed and not supported by the substantial evidence. As MJ McCarthy noted in the R & R, *inter alia*, the ALJ failed to make the requisite inquiry concerning Plaintiff relevant work history. Plaintiff testified that her past work history included serving as a bank teller and branch manager. A job which combines significant elements of two or more positions has been deemed a composite job. See Delg*ado v. Berryhill*, 17-CV-54 (JCH), 2018 WL 1316198, at *17 (D. Conn. Mar. 14, 2018) (internal citations omitted). If a Plaintiff's past relevant work constitutes a composite job, "it is reversible error for the ALJ to make a Step four finding" which merely takes into consideration a claimant's ability to perform only one the required job descriptions. *See Long v. Berryhill*, No.

16-CV-760S, 2018 WL 618119, at *5 (W.D.N.Y. Jan. 30, 2018) (internal citations omitted). Similarly, the Vocational Expert opinion was flawed based given that it was based on an incomplete record, lacking in relevant information.

MJ McCarthy also noted that the ALJ made inadequate or inconsistent determinations concerning the medical evidence and opinions proffered at the hearing. The ALJ's determination to give "some weight" to Dr. Nagendranath Dhanyamrayu's opinion, a consultant, and "limited weight" to Dr. Aswini Choudhury, a treating physician, created a void in the record concerning the extent and effects of Plaintiff's medical condition. Such void failed to adequately address how Plaintiff's impairments affected her physical ability to perform work related functions which requires that the matter be remanded.

## CONCLUSION

For all the reasons stated above, the Court adopts MJ McCarthy's R & R in its entirety. Defendant's motion for Judgment on the Pleadings is DENIED and Plaintiff's cross-motion is GRANTED to the extent of REMANDING the case back to the SSA for further proceedings consistent with the R & R. The Clerk of the Court is respectfully requested to terminate the motions at ECF No. 10 and 12, and to terminate the action.

Dated: March 10, 2020  
      White Plains, New York

SO ORDERED

_____  
NELSON S. ROMÁN